### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ADAM M. BROOKLIER,

     Plaintiff,                           CIVIL ACTION NO. 13-13793

  v.                                DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                     MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.
_____/


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


### I.  RECOMMENDATION

     Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant

**GRANTED**, as there was substantial evidence on the record that claimant retained the

residual functional capacity for a limited range of light work.

### II.  REPORT

    **A.  Introduction and Procedural History**

     Plaintiff filed an application for Social Security disability insurance benefits on July

11, 2011, alleging that he had become disabled and unable to work on June 16, 2007, at age

29, due to diffuse joint pain. Benefits were denied by the Social Security Administration. A

requested de novo hearing was held on April 19, 2012, before Administrative Law Judge

(ALJ) Jacqueline Hall-Keith. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work.  The Law Judge restricted Plaintiff to jobs performed during the evening hours, and where he did not have to lift more than 10 pounds. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 34 years old at the time of the administrative hearing (TR 29).  He had earned the equivalent of a high school education, and had been employed during the relevant past as a truck driver, security guard, machinist, construction laborer and custodian (TR 30, 32-33).  Plaintiff stopped working in June 2007, due to severe back pain (TR 33).  He claimed that he was disabled and unable to return to work due to fibromyalgia and herniated lumbosacral and cervical discs in his spine (TR 43-45).

Plaintiff testified that physical therapy, epidural injections and pain medications proved ineffective in relieving his joint pain (TR 54-55).  The pain medications, however, caused such side-effects as fatigue and constipation (TR 43).  He was unable to sit or stand for prolonged periods. Claimant estimated that he could stand for about a half hour, sit for perhaps four hours and  walk about a mile before needing to rest (TR 45-46).  He added that he could not reach overhead, but was still able to use his hands to grasp objects and perform fine finger manipulations (TR 46-47).  Claimant spent his days working on his stamp collection, shopping, doing the laundry, helping his children with their school work, and

2

mowing the lawn (TR 47-49, 55-56). He usually took several breaks throughout the day, and sometimes took an hour long nap before dinner (TR 49-53).

A Vocational Expert, Elizabeth Pasikowski, classified Plaintiff's past work as sedentary to heavy, semi-skilled activity that did not impart any transferable skills (TR 56-58). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[1] (TR 60). If he were capable of light work, however, there were numerous unskilled driving, machine operator, visual inspection, sorting, cashier and surveillance monitor jobs that he could perform with minimal vocational adjustment (TR 59-60). These jobs could be performed in the evening when claimant was allegedly most alert, and they did not require the lifting of more than 10 pounds (TR 58).

### B.    ALJ's Findings

The Administrative Law Judge found that Plaintiff was impaired as result of fibromyalgia and degenerative disc disease with radiculopathy, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments (TR 15). The ALJ recognized that claimant's joint pain prevented him from lifting more than 10 pounds on a regular basis. Given his need to take regular naps during the day to relieve fatigue, the ALJ limited claimant to jobs performed at night when he was most alert (TR 16). Consequently, the ALJ found that the claimant retained the residual

---

[1]The witness explained that Plaintiff's alleged need to take frequent breaks throughout the day to relieve his joint pain would preclude all work activity (TR 60).

functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert (TR 19).

### C.   Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

4

Plaintiff maintains that his joint pain was severe enough to meet section 1.04A of the Listing of Impairments, and that the ALJ improperly rejected the clinical findings and disability opinion of his treating doctors. Defendant countered that the Law Judge reasonably assessed Plaintiff's impairments before concluding that he remained capable of performing a limited range of light work activity.

### D.    Discussion and Analysis

Once it has been determined that a claimant is not currently engaged in substantial, gainful activity and his impairment is indeed severe, the third stage in the evaluation process mandates a consideration of whether the relevant criteria in the Listing of Impairments (Appendix 1) have been met. The Listing of Impairments describes, for each of the major body systems, medical illnesses which are considered severe enough to prevent a person from doing any gainful activity. 20 C.F.R. § 404.1525(a) (2013). The regulations provide that when a claimant can prove that he suffers from an impairment that meets the duration requirement (12 months) and is listed in Appendix 1, the Commissioner must automatically find the claimant disabled, and should not go on to consider the claimant's age, education and work experience. 20 C.F.R. § 404. 1520(d) (2013). A claimant will not be found disabled under a listing, however, if there is a failure to satisfy any one of the criteria established for a particular impairment. King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984), 20 C.F.R. §404.1525(d).

Listing 1.04A requires evidence of a disorder of the spine (such as a herniated nucleus pulposus, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, or vertebral

fracture) resulting in the compromise of a nerve root or the spinal cord.  There must also be evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion in the spine, and motor loss (atrophy with associated muscle weakness or muscle weakness alone) accompanied by sensory or reflex loss. If the lower back is involved, a positive straight leg raising test is required. See 20 C.F.R., Pt. 404, Subpt. P, App. 1, 1.04A.

Contrary to Plaintiff's assertion, the medical evidence failed to demonstrate that his spinal impairment met or medically equaled all of the requirements of Listing 1.04A.  Dr. Eric Kovan, a treating physician specializing in pain management, reported on numerous occasions that the claimant did not suffer strength, reflex or sensory abnormalities in any of his extremities (TR 343-363, 376-381).  In addition, the medical record did not reveal any positive straight leg raising tests, as required under Listing 1.04A.

Claimant's spinal impairment also did not medically equal Listing 1.04A.  Two state agency reviewing physicians, Drs. Holmes and Nguyen, specifically noted that Plaintiff's spinal disorder did not medically equal the requirements of the listing (TR 68-69, 73-74, 78-82).  Under Social Security Ruling (SSR) 96-6p, the signature of a state agency medical consultant on a Disability Determination and Transmittal Form ensures that consideration by a physician designated by the Commissioner has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review. See Social Security Ruling 96-6p, July 2, 1996).  I therefore suggest that substantial evidence supports the ALJ's step 3 finding.

6

Plaintiff relies heavily upon the fact that Drs. Via Misho and Eric Kovan, primary care physicians, opined that claimant could never perform most postural activities; never use his arms and fingers for no more than one minute in an eight-hour day; required six hours of rest in an eight-hour day; and would miss more than four days of work per month (TR 364-369, 399-404). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since there was evidence in the record that was inconsistent with Drs. Misho and Kovan's functional restrictions[2], their assessment need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th

---

[2]The ALJ rejected the doctors' respective assessments, setting forth persuasive reasons for doing so (TR 16-18). The ALJ singled out Plaintiff's own testimony as one piece of evidence that was inconsistent with Dr. Misho's highly restrictive opinion (Tr. 18). Plaintiff testified that he could walk one mile and lift 10 pounds, versus Dr. Misho's opinion that he could lift or carry fewer than 10 pounds and stand or walk for a total of only 20 minutes in a workday (TR 18, 45-46). Given the rather benign clinical findings upon examination reported by Dr. Kovan, the ALJ reasonably concluded that one aspect of the doctor's residual capacity assessment (that Plaintiff would miss more than four days of work per month) appeared to be based upon his subjective complaints. See Warner v. Commissioner, 375 F.3d 387, 390-91 (6th Cir. 2004)(finding that ALJ properly discounted treating physician's opinion on claimant's weight-lifting limits where it was based on claimant's own subjective assessment). Finally, Plaintiff testified that he remained capable of grooming himself, driving, shopping, doing laundry, changing bed linens, vacuuming, taking out the garbage, working on his stamp collection, helping his children with homework, and mowing the lawn (TR 47- 49, 55-56). The ALJ properly found that claimant's daily activities were inconsistent with the disability statements of both doctors.

Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, indeed, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled driving, machine operator, visual inspection, sorting, cashier and surveillance monitor jobs that he could perform with minimal vocational adjustment (TR 59-60). These jobs could be performed in the evening when claimant was allegedly most alert, and they did

8

not require the lifting of more than 10 pounds (TR 58). Given the objective clinical findings of the examining physicians of record, substantial evidence exists on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

## III.   <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

9

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


    s/ Charles E. Binder

CHARLES E. BINDER

Dated: August 19, 2014          United States Magistrate Judge